CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 18 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE SYLVESTER WATTS, ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00269 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, et al., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

The plaintiff, Andre Sylvester Watts, a federal inmate proceeding pro se, filed this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Having reviewed the plaintiff's complaint and his response to the conditional filing order entered on May 3, 2006, the court concludes that the plaintiff has failed to exhaust his administrative remedies. Therefore, the court will summarily dismiss the complaint without prejudice.

### Background

The plaintiff is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. In December of 2005, a unit team performed an evaluation of the plaintiff's institutional history, in order to determine whether the plaintiff qualified for a transfer. The plaintiff alleges that during the evaluation process, defendants Willis and Myers retaliated against the plaintiff for exercising his First Amendment rights, by providing false information and withholding favorable information about the plaintiff's institutional history.

The plaintiff alleges that in February of 2006, he complained to Warden O'Brien about Willis and Myers's conduct. According to the plaintiff, O'Brien determined that Willis and Myers had done an "outstanding job" evaluating the plaintiff. The plaintiff contends that O'Brien adopted the other defendants' retaliatory motive by failing to take remedial measures against them.

On March 21, 2006, the plaintiff's transfer request was denied by Kim White, the Regional

Director of the Mid-Atlantic Region. The plaintiff alleges that White was aware that similarly situated inmates had been transferred, and that erroneous information had been included in the plaintiff's file.

On March 28, 2006, the plaintiff filed a Central Office Administrative Remedy Appeal. The plaintiff alleged that the Mid-Atlantic Regional Office had erred in denying his transfer request, and that the Regional Office had given certain inmates preferential treatment. On April 7, 2006, the appeal was rejected and returned to the plaintiff. The notice provided the following reasons for the rejection:

> Reason 1: You did not attempt informal resolution prior to submission of administrative remedy, or you did not provide the necessary evidence of your attempt at informal resolution.
>
> Reason 2: You must first file a BP-9 request through the institution for the Warden's review and response before filing an appeal at this level.

The plaintiff filed the instant complaint on May 2, 2006. The plaintiff alleges that the defendants conspired to retaliate against him for exercising his First Amendment rights, and that they violated his equal protection rights by denying his transfer request. In a conditional filing order entered on May 3, 2006, the court advised the plaintiff that it appeared that he had not fully exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). The court directed the plaintiff to provide additional information pertaining to the exhaustion requirement within twenty days. The plaintiff filed a response to the conditional filing order on May 16, 2006. The plaintiff contends that he satisfied the exhaustion requirement by filing the aforementioned Central Office Administrative Remedy Appeal. The plaintiff also contends that having to first submit an Administrative Remedy Request with the Warden is "ludicrous," because the Warden will not

2

overturn the Regional Director's decision to deny his transfer request. (Compl. at 4).

## Discussion

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that this requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that it "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (U.S. 2002).

The Federal Bureau of Prisons maintains a multi-step administrative remedy process through which an inmate may seek formal review of issues that relate to any aspect of his confinement. 28 C.F.R. §§ 542.10-542.19. Ordinarily, an inmate must first attempt to informally resolve the issues with a staff member. 28 C.F.R. § 542.13. If informal resolution is not successful, the inmate may file an Administrative Remedy Request with the Warden. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's decision, that decision may be appealed to the Regional Director by filing the form designed for Regional Appeals (BP-10), along with a copy of the Administrative Remedy Request and response. 28 C.F.R. § 542.15. If the inmate is not satisfied with the Regional Director's decision, that decision may be appealed to the General Counsel by filing the form designed for Central Office Appeals (BP-11), along with copies of the institutional and regional filings and responses. Id. The administrative process is exhausted when the General Counsel issues a ruling on the appeal. 28 C.F.R. § 542.15. Pursuant to 28 C.F.R. § 542.17, the grievance coordinator at any level "may reject and return to the inmate without response

3

Case 7:06-cv-00269-GEC-mfu Document 7 Filed 05/18/06 Page 3 of 4 Pageid#: 62

a Request or an Appeal that is written by an inmate in a manner that is obscene or abusive, or does not meet any other requirement set forth in this part."

In this case, it is clear from the plaintiff's complaint, its accompanying exhibits, and the plaintiff's response to the court's conditional filing order that he has not properly exhausted his administrative remedies. Rather than attempting to resolve his claims informally and then filing an Administrative Remedy Request with the Warden, the plaintiff filed a Central Office Administrative Remedy Appeal. The plaintiff's appeal was rejected and returned, in accordance with 28 C.F.R. § 542.17, because the plaintiff failed to initiate the administrative remedy process at the institutional level. While the plaintiff argues that having to first file an Administrative Remedy Request with the Warden is ludicrous, "[a]n inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement." Thornton v. Snyder, 428 F.3d 690, 693 (7th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).

For these reasons, the court concludes that the plaintiff's complaint must be dismissed without prejudice for failure to exhaust administrative remedies. See Anderson, 407 F.3d at 682-683 (holding that a district court may sua sponte dismiss a complaint, where it is clear from the plaintiff's complaint or response that the PLRA's exhaustion requirement has not been met). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 18th day of May, 2006.

_____
United States District Judge

4